IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NICHOLAS D. BROWN**                                                                      **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 3:16CV217 HTW-LRA**

**SONJA STANCIEL, and the ATTORNEY GENERAL
of the STATE OF MISSISSIPPI**                                                       **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nicholas D. Brown filed a petition for federal habeas corpus relief on February 8, 2016. Having reviewed the record and all applicable law, the undersigned recommends that his petition be dismissed without prejudice for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

On March 11, 2014, Brown pled guilty to possession of codeine (Count I) and possession of cocaine (Count II) in the Circuit Court of Simpson County, Mississippi. The trial court entered an "Order of Conviction and Placement in Drug Court Program," deferring acceptance of Petitioner's guilty plea pending his successful completion of the drug court program. A few months later, Petitioner was sentenced to five days in jail for failing to report for drug testing on two occasions. On April 20, 2015, the trial court entered an order revoking Petitioner's non-adjudicated status upon finding that he had again failed to comply with the terms and conditions of the drug court program. Petitioner's guilty plea was accepted, and he was sentenced to a term of 16 years on

Count I and a consecutive term of 8 years on Count II.  Petitioner filed a motion for post-conviction collateral relief in the Simpson County Circuit Court on October 29, 2015.  Nothing of record indicates that a ruling on the motion has been issued, nor does it reflect that any pleadings have been filed in the Mississippi Supreme Court.  On February 8, 2016, Petitioner filed the instant petition raising the following four issues:  unreasonable search and seizure, due process violation, ineffective assistance of counsel, and newly discovered evidence.[1]

Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[2]  *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006).  To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to

---

[1] ECF No. 14-1–14-6.

[2] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

    (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

        (A)  the applicant has exhausted the remedies available in the courts of the State; or
        (B)(i)  there is an absence of available State corrective process; or
            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
            . . . .
    (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Brown does not dispute his failure to exhaust. He acknowledges, in fact, that he is "awaiting response" from the Simpson County Circuit Court on his motion for post-conviction relief, and submits evidence to support his habeas claims.[3] In order to exhaust his state remedies, Petitioner was required to file a petition for post-conviction relief in circuit court, and appeal any denial to the Mississippi Supreme Court. *Graham v. State,* 85 So.3d 847, 850 (Miss. 2012) (citing *Martin v. State*, 556 So.2d 357, 358 (Miss.1990)); Miss. Code Ann § § 99-39-7 and 99-35-101. Until such time, his claims are not fully unexhausted and may not be considered by this Court. Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).

Petitioner is HEREBY cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so. The filing of the instant habeas corpus petition did not toll the one-year federal statute of

---

[3]ECF Nos. 1, p. 3; 15-1, pp. 1-40.

limitations prescribed in 28 U.S.C. § 2244(d).

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 29th day of August, 2016.

                                                  /s/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE